## MRS. W. L. WILCOX *v.* E. E. HARTMAN.

### APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED MAY 7, 1906.             DECIDED MAY 11, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

HUSBAND'S LIABILITY ON WIFE'S EXPRESS CONTRACT.

A wife as well as any other person may act as her husband's agent and if as his agent she hires a house for both at a fixed rent, he is liable for the rent irrespective of his legal liability to sup-

port her. In this case the plaintiff's evidence is held sufficient to show prima facie that the express contract was made by the husband himself or was authorized or ratified by him if made by her and hence a nonsuit should not have been granted.

## OPINION OF THE COURT BY FREAR, C.J.

This is an action for the rent of a furnished house of two rooms at the rate of $25 a month. At the close of the plaintiff's evidence, which consisted of the brief testimony of the plaintiff alone, the magistrate granted a nonsuit upon the motion of the defendant, and the question is whether he erred in doing so.

The argument in support of the nonsuit is substantially that the declaration is upon an express promise by the defendant to pay at the rate mentioned while the proof is of a similar promise on the part of the defendant's wife. The plaintiff contends that the husband is legally liable for necessaries furnished to the wife. The defendant does not dispute this or that the husband might be liable for the use and occupation of the premises by himself on an implied contract irrespective of his obligation to support his wife, but contends that in either case he would be liable only for the reasonable value of the use of the house and not upon an express promise made by the wife for a definite rental.

It will be unnecessary to consider the legal obligation of the husband to support the wife, which is sometimes said, though inappropriately, to constitute her his agent for the procurement of necessaries for herself. The wife may be made the actual agent of the husband either expressly or by implication just as any other person may be, and within certain limits or for certain purposes less is required to show an authorization or ratification of a promise made by the wife than is required in cases of other persons, for it is natural and customary and indeed to a large extent necessary that certain matters should be left to and looked after by the wife.

In this case the minutes of the testimony may be imperfect owing to condensation and it may be that the testimony as act-

nally given would support the nonsuit, but we must take it as it appears in the record, and although it is ambiguous in some respects it, in our opinion, does not taken as a whole support the nonsuit. It is true that the plaintiff testified that she "had business transactions with Mrs. Hartman to board at my house at Waikiki," and, on cross examination, that "Mrs. Hartman agreed to pay rent $25 a month," but it appears that she had transactions with Mr. Hartman also and apparently he was the first to see her about renting the house. "Mr. Hartman came to my house, he wanted house for his wife and himself." The dealings seem to have been with both of them. "I gave them the house $25 a month. They paid me $5 on the day they moved in. * * * They said they will pay the rest by and by. * * * It was on October 27 when they moved into my house. They stayed there in January. They went out first part of January. I asked defendant to pay. They moved quick. I asked the wife to pay." Mr. Hartman lived there during the whole period with his wife. After the first payment of $5 already mentioned, he paid three other small amounts aggregating $14. This is not the case of a wife living apart from her husband or even a case of a wife living with her husband and procuring necessaries or other things for herself without his knowledge. The evidence tends to show that Mr. Hartman as well as his wife took the house on the understanding that the rent was to be $25 a month and that in any event he authorized or ratified a promise to that effect if made by her alone. Credit was not given to her alone. A prima facie case was made out which it was the duty of the defendant to meet by evidence if he could.

The judgment is reversed and the cause remanded for further proceedings.

*A. G. Correa* for plaintiff.

*Thompson & Clemons* for defendant.